IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SENECA RESOURCES CORPORATION, | ) | |
| Plaintiff | ) | C.A. No. 15-60 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| HIGHLAND TOWNSHIP, et al., | ) | |
| Defendants. | ) | |

# OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter

## I. INTRODUCTION

### A. Relevant Procedural and Factual History

On February 18, 2015, this action was commenced by Plaintiff Seneca Resources Corporation ("Seneca") to enjoin Defendants Highland Township ("Township") and Highland Township Board of Supervisors ("Supervisors") from enforcing Ordinance No. 1-9 of 2013 ("Ordinance"), which, *inter alia*, prohibits the operation of underground injection control ("UIC") wells to dispose of waste from oil and gas extraction within the Township. After the Ordinance was amended on March 24, 2015 ("Amended Ordinance"), Plaintiff filed an amended complaint [ECF No. 21], which is now the operative pleading in this case.

Pertinent portions of the Amended Ordinance read as follows:

**Section 3 – Statements of Law – Prohibitions Necessary to Secure the Bill of Rights**

(a) It shall be unlawful within Highland Township for any corporation or government to engage in the depositing of waste from oil and gas extraction.

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge. [ECF Nos. 15, 16].

(b) No permit, license, privilege, charter, or other authority issued by any state or federal entity which would violate the prohibitions of this Ordinance or any rights secured by this Ordinance, the Pennsylvania Constitution, the United States Constitution, or other laws, shall be deemed valid within Highland Township.

**Section 4 – Enforcement**

(a) Any corporation or government that violates any provision of this Ordinance shall be guilty of an offense and, upon conviction thereof, shall be sentenced to pay the maximum fine allowable under State law for that violation….

(ECF No. 21-2, Amended Ordinance, at p. 3.)

Plaintiff alleges that "[t]he Amended Ordinance directly prevents [Plaintiff] from converting certain of its natural gas wells located in the Township into UIC wells *despite the fact that [Plaintiff] has received a permit to do exactly that from the United States Environmental Protection Agency.*" (ECF No. 21, Amended Complaint, at ¶ 1)(emphasis in the original). Thus, Plaintiff claims that Defendants should be enjoined from enforcing the Amended Ordinance, arguing that it: (1) is preempted by the Safe Drinking Water Act, 42 U.S.C. § 300h(b)(2)(A); (d); (2) is preempted by the Oil & Gas Act, 58 Pa.C.S. § 3302; (3) is an impermissible exercise of the Township's police power; (4) violates the Supremacy Clause of the United States Constitution; (5) constitutes illegal exclusionary zoning in violation of Pennsylvania law; (6) constitutes an impermissible exercise of legislative authority, because it is not authorized by Pennsylvania's Second Class Township Code, 53 Pa.C.S. §§ 65010, *et seq.*; (7) violates the First Amendment to the United States Constitution; (8) violates substantive due process under the Fourteenth Amendment to the United States Constitution; and (9) violates procedural due process under the Fourteenth Amendment to the United States Constitution.

2

On April 21, 2015, Defendants filed a motion to dismiss amended complaint for lack of standing [ECF No. 22], asserting that Plaintiff's alleged injury cannot be redressed by a favorable decision of this Court because Plaintiff has not yet obtained a state-issued permit from the Pennsylvania Department of Environmental Protection ("DEP") and, thus, could not proceed to create and operate an injection well within the Township even if the Amended Ordinance is declared invalid. Plaintiff filed a memorandum in opposition to Defendants' motion on May 8, 2015[ECF No. 27], to which Defendants filed a reply on May 12, 2015.

On August 12, 2015, the DEP sent Plaintiff a letter stating that it was suspending its review of Plaintiff's well permit application. In particular, the letter states, in pertinent part,

> As a result of the conflict between your application and the Highland Township Ordinance, and the potential for legal action against Department employees being brought pursuant to this local ordinance, the Department has decided to suspend its review of your permit application pending a court decision concerning the validity of the Highland Township Ordinance. The Department will take a final action regarding issuance of the permit once a court ruling has been rendered determining the validity of the local ordinance.

(ECF No. 39 at p. 8).

On August 28, 2015, Plaintiff filed an amendment to its memorandum in opposition to Defendants' motion [ECF No. 39], arguing that the DEP's letter of August 12, 2015, definitively established Plaintiff's standing to bring this action. Defendants have since filed a response [ECF No. 41] refuting Plaintiff's claim. This matter is now ripe for consideration.

**B.**     **Standard of Review**

A motion to dismiss for lack of standing is properly brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "because standing is a jurisdictional matter." Ballentine v.

3

United States, 486 F.3d 806, 810 (3d Cir. 2007) (citations omitted). For purposes of ruling on a motion to dismiss for lack of standing, this Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 134 n.1 (3d. Cir. 2009), quoting Warth v. Seldin, 422 U.S. 490, 501 (1975). The question of standing is a threshold inquiry. City of Pittsburgh v. West Pennsylvania Power Co., 147 F.3d 256, 264 (3d Cir. 1998). The party invoking federal jurisdiction bears the burden of establishing standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). See also Ballentine, 486 F.3d at 810 ("On a motion to dismiss for lack of standing, the plaintiff bears the burden of establishing the elements of standing, and 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation'") (citations omitted).

Standing is not merely a "pleading requirement but rather an indispensable part of the plaintiff's case; each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Lujan, 504 U.S. at 561. Plaintiffs must demonstrate that they have standing to bring each and every claim. Toll Bros., 555 F.3d at 139 n.5 (a plaintiff "must demonstrate standing for each claim it seeks to press" and "must demonstrate standing separately for each form of relief sought") quoting Daimler-Chrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006) and Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. Inc., 528 U.S. 167, 185 (2000) (hereinafter, "Laidlaw").

The standing inquiry "involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise." Warth, 422 U.S. at 498. To maintain an action in federal court, a plaintiff must demonstrate constitutional standing by satisfying several requirements imposed by Article III of the Constitution, and additionally, plaintiffs must demonstrate prudential standing by meeting certain judge-made requirements designed to limit the exercise of federal jurisdiction. See Toll Bros., 555 F.3d at 137-38; Programmers Guild, Inc. v. Chertoff, 338 Fed. Appx 239, 242 (3d Cir. 2009). Without these additional prudential considerations, "the courts would be called upon to decide abstract questions of wide public significance even though other governmental institutions may be more competent ... and judicial intervention may be unnecessary to protect individual rights." Warth, 422 U.S. at 500.

The United States Court of Appeals for the Third Circuit summarized Article III's standing requirements:

> The irreducible constitutional minimum of Article III standing consists of three elements. First, the plaintiff must have suffered a concrete, particularized injury-in-fact, which must be actual or imminent, not conjectural or hypothetical. Second, that injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, the plaintiff must establish that a favorable decision likely would redress the injury.

Toll Bros., 555 F.3d at 137-38 (internal citation omitted).

**C.    Discussion**

In its Amended Complaint, Plaintiff alleges that it "has sustained and continues to sustain injury as a result of the Original and Amended Ordinances." (ECF No. 21, Amended Complaint, at ¶ 49). In particular, Plaintiff alleges, *inter alia*, that "[u]pon information and

belief, DEP's review of [Plaintiff's] well permit application has been extended as a result of the Ordinances and Defendants' contentions that they preclude DEP from issuing the well permit application." (Id. at ¶ 52). The DEP's subsequent letter of August 12, 2015 (ECF No. 39 at p. 8) removes any doubt from this assertion. Nonetheless, Defendants assert that Plaintiff "lacks the cognizable and redressable injury required for standing." (ECF No. 23, Defendants' Memorandum, at p. 11). In particular, Defendants posit that Plaintiff's injury would not be redressed by this Court's invalidation of the Amended Ordinance because Plaintiff would still not have the required DEP permit to proceed. More to the point, Defendants argue that,

> Without a final determination by DEP on [Plaintiff's] permit application, it remains unclear whether [Plaintiff] will gain any later basis upon which it may attempt to argue that it has a right to inject frack waste into a well within Highland Township. As it currently stands, [Plaintiff] does not have this right and it is harmed not by the Ordinance, but by DEP's failure to act on the corporation's permit application.

(ECF No. 41, Defendants' Response, at p. 2). The circularity of this argument becomes apparent, however, when one considers that the stated reason for the DEP's suspension of its review of Plaintiff's permit application is that the application conflicts with the Amended Ordinance. (ECF No. 39, Amendment to Plaintiff's Memorandum, at p. 8). Thus, according to Defendants, in order to establish standing, Plaintiff must first obtain a DEP permit to challenge the validity of the Amended Ordinance, which is the very thing that is preventing Plaintiff from obtaining a DEP permit in the first place. Such reasoning invokes images of the proverbial cat chasing its tail.²

---

² Defendants insist that Plaintiff's proper recourse is to appeal the DEP's decision to suspend its review of Plaintiff's

Here, Plaintiff has met all of the requirements for standing. First, Plaintiff has established that it has sustained an "injury-in-fact" that is directly attributable to the Amended Ordinance at issue; namely, the DEP's delay and ultimate suspension of its review of Plaintiff's well permit application. Moreover, Plaintiff has alleged a further "injury-in-fact" resulting from the Amended Ordinance's purported effect of stripping Plaintiff of its constitutionally-protected rights as a "person" based upon its filing of an application for a well permit.[3] See Penn Ridge Coal, LLC v. Blaine Township, 2009 U.S. Dist. LEXIS 84428 (W.D.Pa. Sept. 16, 2009) ("The Township does not have the legal authority to annul constitutional rights conferred upon corporations by the United States Supreme Court. Accordingly, the Township's argument with respect to Plaintiff's standing has no basis in law…."). Second, there is no question that Plaintiff's injuries are fairly traceable to the Amended Ordinance. Finally, a favorable decision

---

permit application, or to seek mandamus relief against the DEP, rather than to challenge the validity of the Amended Ordinance. However, this argument sidesteps the fact that Plaintiff would not be in its present position but for the presence of the Amended Ordinance. Any additional time and expense Plaintiff would incur in appealing the DEP's decision or pursuing mandamus relief would, thus, be directly attributable to the Amended Ordinance itself, as well.

[3] Specifically, Section 3(a) of the Amended Ordinance expressly states that "[i]t shall be unlawful within Highland Township for any corporation … to engage in the depositing of waste from oil and gas extraction," which, according to Section 1(b) of the Amended Ordinance, includes the filing of an application for a UIC well permit. (ECF No. 21-2, Amended Ordinance, at pp. 2-3). Section 5(a) then provides:

> Corporations that violate this Ordinance, or that seek to violate this Ordinance, shall not be deemed to be "persons" to the extent that such treatment would interfere with the rights or prohibitions enumerated by the Ordinance, nor shall they possess any other legal rights, powers, privileges, immunities, or duties that would interfere with the rights or prohibitions enumerated by this Ordinance, including the power to assert state or federal preemptive laws in an attempt to overturn this Ordinance, or the power to assert that the people of this municipality lack the authority to adopt this Ordinance.

is substantially likely to redress the harms alleged by Plaintiff, as it would remove the Amended Ordinance as an impediment to the DEP's review of Plaintiff's well permit application, and would restore the constitutional rights Plaintiff claims are stripped away by the Amended Ordinance. See Toll Bros., 555 F.3d at 143 ("Redressability is not a demand for mathematical certainty. It is sufficient for plaintiff to establish a 'substantial likelihood that the requested relief will remedy the alleged injury in fact'") (citations omitted). Thus, Defendants' motion to dismiss amended complaint for lack of standing [ECF No. 22] will be denied.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SENECA RESOURCES CORPORATION, | ) | |
|       Plaintiff | ) | C.A. No. 15-60 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| HIGHLAND TOWNSHIP, et al., | ) | |
|       Defendants. | ) | |

## **ORDER**

AND NOW, this 29<u>th</u> day of March, 2016,

IT IS HEREBY ORDERED that Defendants' motion to dismiss amended complaint for lack of standing [ECF No. 22] is denied.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge
