# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SENECA RESOURCES CORPORATION, | ) | |
| Plaintiff | ) | C.A. No. 15-60 Erie |
| | ) | |
| v. | ) | |
| | ) | |
| HIGHLAND TOWNSHIP, et al., | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MEMORANDUM OPINION

United States Magistrate Judge Susan Paradise Baxter[1]

**Relevant Procedural History**

Plaintiff Seneca Resources Corporation initiated this action on February 18, 2015, challenging the constitutionality, validity and enforceability of a Community Rights Ordinance adopted by Highland Township and its Board of Supervisors, which allegedly prohibits Plaintiff's ability to create and operate an UIC injection well in Highland Township. Presently before the Court is a motion to intervene [ECF No. 32] filed on behalf of three proposed intervenors (for ease of reference, the proposed intervenors will collectively be referred to as the "Intervenor Applicants"): Crystal Spring Ecosystem ("Crystal Spring"), "an ecosystem that encompasses Crystal Spring itself, as well as the surrounding hillside and riparian forests, soils, and bedrocks, through which water flows (and is filtered) to the water source at Crystal Spring" (ECF No. 32 at ¶ 14); Highland Township Municipal Authority ("Municipal Authority"), "the water provider for the residents of unincorporated James City, located within Highland

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.

1

Township," which draws its water from Crystal Spring, "a natural spring located at the base of the hill upon which Seneca intends to inject frack waste" (Id. at ¶¶ 2, 4); and Citizens Advocating a Clean Healthy Environment, Inc. ("CACHE"), a non-profit corporation that was "formed in response to Seneca's planned injection well and residents' desire to exercise their right of local community self-government to protect their health, safety, welfare, and natural environment." (Id. at ¶ 9-10).

The Intervenor Applicants seek to defend the Ordinance pursuant to Fed.R.Civ.P. Rule 24(a), and, alternatively, Fed.R.Civ.P. 24(b). Plaintiff has filed a brief opposing the intervention of all three Intervenor Applicants. [ECF No. 37].

The facts of this case are well set out in the Opinion filed this date determining Defendants' motion to dismiss amended complaint for lack of standing [ECF No. 22], and will not be repeated here. Neither motion to intervene was untimely filed so to be a burden to the other side. Instead, the arguments against intervention focus mainly on the appropriateness and necessity of each of the Intervenor Applicants. In addition, with Crystal Spring, an issue of standing is also raised.

**Standards of Review**

Rule 24 provides for intervention as a matter of right and permissive intervention. Fed.R.Civ.P. 24(a) and (b).[2] To qualify for intervention as a matter of right under Rule 24(a)(2), four requirements must be met: 1) the application must be timely, 2) the applicant must have sufficient interest in the lawsuit, 3) the interest must be affected or impaired by the disposition of the lawsuit, and 4) the interest must not be adequately represented by an existing party. United

---

[2] The Court notes that, in asserting intervention as a matter of right, the Intervenor Applicants rely solely on Rule 24(a)(2). Thus, Plaintiff's argument challenging the Intervenor Applicants' ability to intervene as of right pursuant to Rule 24(a)(1) is inapposite and will not be considered here.

2

States v. Territory of the Virgin Islands, 748 F.3d 514, 519 (3d Cir. 2014). In contrast, permissive intervention relies upon the discretion of the Court when an applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed.R.Civ.P. 24(b)(1)(B). Important considerations for the Court in making this determination are whether intervention would prejudice a party by delay or otherwise, and whether intervention is necessary to protect rights that are not identical to an existing party. Virgin Islands, 748 F.3d at 524.

**Discussion**

The Intervenor Applicants move for intervention both as of right and, alternatively, by permission. As to their motion seeking to intervene as of right, the analysis follows the four elements listed in Rule 24(a)(2), without the broad discretion afforded by Rule 24(b). The first three elements – timeliness, sufficient interest and interests affected by the lawsuit – are well-alleged by the proposed intervenors and not contested by Plaintiff, so no analysis is required here. The fourth element – the adequacy of Defendants' representation – is where the Court will base its determination.

It is vital to discuss at the outset that a presumption that there is an adequacy of representation arises when the party in the action representing the interests of the intervenor applicant is the government. Thus, if this presumption is not rebutted, the motion fails. Virgin Islands, 748 F.3d at 520. In this regard, "a potential intervenor can only overcome the presumption and thereby intervene by making a 'compelling showing … to demonstrate why [the government's] representation is not adequate.'" Id. quoting Mountain Top Condo Ass'n v. Dave Stabbert Master Builder, Inc., 72 F.3d 361, 369 (3d Cir.1995).

Intervenor Applicants have acknowledged this presumption in their brief, but argue that the "presumption does not result in a heightened burden in this case." (ECF No. 33 at p. 18,

3

citing Kleissler v. U.S. Forest Service, 157 F.3d 964, 972 (3d Cir. 1998) ("[T]he presumption notwithstanding, when an agency's views are necessarily colored by its view of the public welfare rather than the more parochial views of a proposed intervenor whose interest is personal to it, the burden is relatively light").

Plaintiff has opposed the motion on several grounds, but as to this point, insists that clear and convincing evidence must be presented to rebut the presumption of adequacy of representation by Defendants. Relying heavily on the Virgin Islands case, as well as other Third Circuit precedence, Plaintiff argues that the Intervenor Applicants share the same interests and goals as Defendant Highland Township. Moreover, Plaintiff argues that the Intervenor Applicants have provided no evidence, let alone clear and convincing evidence, to rebut the presumption that Defendants do not represent their interests by vigorously defending the Ordinance. Because the Third Circuit discussed at length in the Virgin Island case the distinction between the use of the clear and convincing standard and the relaxed standard for rebutting the presumption, instruction is sought there.

The Third Circuit agreed with the ruling in the Kleissler case that the relaxed standard is only appropriate where a conflict exists "between the intervenors' direct economic interests and the government's shifting public policy interests." Virgin Islands, 748 F.3d at 521. In Kleissler, the government agency was re-thinking its policy regarding timber removal contracts to reflect more conservation concerns. Entities who relied on the revenue generated by the contracts, including school districts, sought to intervene in the litigation determining the validity of those contracts. In such a case, the strictly monetary interests of the intervenors could conflict with the governmental interest of balancing revenue with new conservation policies.

4

No such conflict existed in the Virgin Islands case where an inmate sought to intervene in a civil rights action brought by the United States government to improve prison conditions. In that case, the intervenor applicant quoted directly from the government's pleadings in his own filings and received the same benefit from the government's efforts to improve the conditions there. The Court held that clear and convincing evidence was required in such a situation where the "'personal' and 'parochial' views of the proposed intervenor align with the constitutional interests of the particular government agency." Virgin Islands, 157 F.3d at 524 (citations omitted). In short, when the benefits are the same to the government-party and the intervenor, clear and convincing evidence is needed to rebut the presumption.

That is precisely the case here. The benefits from successfully defending the Ordinance are spelled out in the Ordinance itself. These are the precise results -- health, safety, welfare and natural environment protection – sought by the Intervenor Applicants to the benefit of the area encompassed by the Crystal Spring Ecosystem. In addition, the rights of the residents of Highland Township are enumerated in the Ordinance, such that the defense of the Ordinance in this action necessarily defends the interests of the people served by the Intervenor Applicants. The mission of the incorporated organization, CACHE, in particular, aligns exactly to the terms of the Ordinance being defended by Highland Township, as well it should since CACHE advocated for the adoption of the Community Bill of Rights Ordinance.

As to the issue of whether Crystal Spring, an ecosystem, has standing under the law, no determination need be made here. Clear and convincing evidence has not been produced to show that Defendants' vigorous defense of the Ordinance, the terms of which protect the ecosystem in all of its locations, do not line up precisely.

Finally, and alternatively, these Intervenor Applicants suggest that if they do not qualify for intervention as of right, the Court should grant them permissive intervention. Because the discretionary decision for permissive intervention relies heavily on the adequacy of representation of the proposed intervenors' interests, permissive intervention is also inappropriate for the reasons discussed above. None of the Intervenor Applicants is appropriately intervened here.

An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SENECA RESOURCES CORPORATION,** | ) | |
| Plaintiff | ) | C.A. No. 15-60 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| **HIGHLAND TOWNSHIP, et al.,** | ) | |
| Defendants. | ) | |

## **ORDER**

AND NOW, this 29th day of March, 2016,

IT IS HEREBY ORDERED that the motion to intervene filed on behalf of Citizens Advocating a Clean Healthy Environment, Inc., Crystal Spring Ecosystem, and Highland Township Municipal Authority [ECF No. 32] is denied.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge